UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>            Defendants. | Case No. 21-cv-02843-AGT<br><br>**ORDER GRANTING MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

The City and County of San Francisco ("CCSF") has moved to dismiss pro se plaintiff Troy King's complaint pursuant to Rule 12(b)(6) for failure to state a claim.[1] Dkt. 8. King, in response, "asks the Court to dismiss the complaint and grant [him] Leave of Court to amend his complaint." Dkt. 14 at 1. CCSF does not oppose amendment of the four claims currently alleged in King's complaint—(1) violation of equal protection under 42 U.S.C. § 1983, (2) violation of due process under 42 U.S.C. § 1983, (3) negligence, and (4) intentional infliction of emotional distress—but objects to any amendment adding new, unrelated claims. Dkt. 11 at 3. As set forth below, the Court grants CCSF's motion and grants King leave to amend his current claims only.

King is encouraged to visit the Court's website, where he can obtain information and resources about appearing pro se. *See* U.S. District Court, N.D. Cal., Representing Yourself, https://cand.uscourts.gov/pro-se-litigants/.

---

[1] King brought this action against CCSF, the San Francisco Municipal Transport Agency ("SFMTA"), and Does 1–20. SFMTA, as a department of CCSF, cannot be sued individually. *See* Cal. Gov't Code §§ 23000, 23004. For purposes of this motion, the Court will construe all claims asserted against SFMTA to be asserted against CCSF. If King chooses to amend his complaint pursuant to this order, he must correct this deficiency.

1. **Federal Claims**

King's first and second causes of action, brought pursuant to 42 U.S.C. § 1983, allege that CCSF violated his constitutional rights to equal protection and due process.

Municipalities such as CCSF may be subject to liability under § 1983 where official policy or custom causes a constitutional injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). However, as the Supreme Court made clear in *Monell*, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691. King's constitutional claims here attempt to do just that—hold CCSF liable as an employer based only on the alleged unconstitutional acts of its employee, the unnamed SFMTA officer who allegedly engaged in "an unpleasant exchange of words" with King and then retaliated against him by issuing him a fraudulent notice of parking violation for unlawfully being in the bus zone. *See* Compl. ¶¶ 9–10. But as noted, CCSF cannot be sued under this respondeat superior theory of liability; King must instead identify "*deliberate* action attributable to the municipality that directly caused a deprivation of [his constitutional] rights." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) (citation omitted); *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation" for municipal liability under § 1983). Although King cites to *Monell* in his complaint, *see* Compl. ¶ 21, he fails to allege facts showing the existence of any CCSF official policy or custom that caused his constitutional injuries. *See King v. Alameda Cty. Dep't of Child Support Servs.*, No. 21-cv-02839-SI, 2021 WL 2688823, at *2 (N.D. Cal. June 30, 2021) ("Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom.").

Kings constitutional claims also suffer from additional defects. To state a § 1983 claim for violation of the Equal Protection Clause, King "must show that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). Here, the complaint does not allege King's membership in any protected class or how CCSF acted with an intent or purpose to

2

discriminate against him based on that protected status. King's response brief states that he is African American and he "believes [the] unnamed SFMTA officer retaliated against him and wrote the fraudulent Notice of Parking Citation because he is a black male," Dkt. 14 at 1, 2, but his complaint contains no facts showing that CCSF discriminated against him because he is African American.

King similarly fails to allege facts sufficient to state a claim for violation of due process. To succeed on a substantive or procedural due process claim, King "must first demonstrate that he was deprived of a constitutionally protected property interest." *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1019 (9th Cir. 2011). To the extent King is alleging a substantive due process claim, he must also allege "conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). To the extent he is alleging a procedural process claim, King "must allege facts showing not only that the State has deprived him of a liberty or property interest but also that the State has done so without due process of law." *Gearhart v. Thorne*, 768 F.2d 1072, 1073 (9th Cir. 1985) (citation omitted). The facts alleged in King's complaint do not meet these standards. King does not allege that he was deprived of a constitutionally protected property interest, nor does he allege facts showing "conscience shocking behavior" or that he was deprived of a property interest without adequate procedural safeguards.

Accordingly, the Court finds that King has failed to state claims under 42 U.S.C. § 1983, and grants CCSF's motion to dismiss. The Court will grant King leave to amend his complaint to cure the deficiencies discussed above. If King chooses to amend, he must be able to allege facts showing the existence of a municipal policy or custom that directly caused a deprivation of his constitutional rights. In addition, his amendment must allege facts showing that his constitutional rights to equal protection and/or due process were violated, as detailed above.

**2. State Claims**

King also alleges state law claims for negligence and intentional infliction of emotional distress. Because it is unclear whether King will be able to state a federal claim, the Court declines to address CCSF's arguments supporting dismissal of King's state claims at this juncture. *See* 28 U.S.C. § 1367(c)(3). However, King is advised to evaluate CCSF's arguments if he

chooses to pursue his state claims in any amendment.

\* \* \*

In his response to CCSF's motion to dismiss, King states that he "has additional complaints against SFMTA to file and one currently under review. Please, refer to Exhibits B and C." Dkt. 14 at 4. King requests that he be allowed "to amend his complaint with additional complaints" and asks for "a minimum of sixty days . . . to file an amended complaint while his complaints against SFMTA are being reviewed and others are filed." *Id*. To the extent King seeks leave to amend to add new claims based on unrelated events (including King's April 30, 2021 notice of parking violation referenced in Exhibit C to his response brief, *see id.* at 17–20), that request is denied.

King may file an amended complaint consistent with this order by **September 3, 2021**. The amended complaint may not add any new claims without express leave of Court. If King does not file an amendment by September 3, his claims will be dismissed with prejudice. The initial case management conference is rescheduled to **October 15, 2021, at 2:00 p.m.**

CCSF's unopposed request for a stay of discovery until the pleadings are settled is granted. All discovery in this matter is hereby stayed until the Court finds that King has sufficiently alleged a federal claim for relief or CCSF files an answer to an amended complaint.

**IT IS SO ORDERED.**

Dated: July 22, 2021

ALEX G. TSE
United States Magistrate Judge