United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 21-cv-02843-AGT<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT; DENYING MOTION FOR LEAVE TO AMEND; DENYING AS MOOT MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 31, 32, 34, 35, 36 |

Troy King filed a pro se complaint under 42 U.S.C. § 1983 against the City and County of San Francisco ("CCSF") alleging Fourteenth Amendment violations and California tort claims arising out of a parking ticket King received. Following dismissal of King's original complaint under Rule 12(b)(6), and after the Court-ordered deadline to amend had passed, King filed a first amended complaint ("FAC") realleging the claims that were dismissed with leave to amend, and adding, without leave of Court, several new claims against CCSF. Currently before the Court are the following motions relating to King's untimely FAC, listed in the order of filing:

(1) CCSF's motion to strike the FAC because it was filed late after the Court had already granted an extension and because it adds new claims in violation of the Court's prior dismissal order prohibiting new claims without leave (Dkt. 31).

(2) King's motion for leave to amend the FAC to add the new claims that CCSF moves to strike (Dkt. 35), and his concurrent requests for an extension of time to file both the FAC and the motion for leave to add new claims (Dkts. 32, 34).

(3) CCSF's Rule 12(b)(6) motion to dismiss the FAC for failure to state a claim (Dkt. 36).

For the reasons set forth below, the Court grants CCSF's motion to dismiss, denies King's motion to amend, and denies as moot CCSF's motion to strike.

**A. Background**

King filed his original complaint in April 2021. The complaint asserted four causes of action against CCSF—two federal claims under § 1983 for violations of equal protection and due process, and two state law claims for negligence and intentional infliction of emotional distress—all stemming from a parking citation King received on February 14, 2020, for being stopped in a bus zone. On July 22, 2021, the Court granted CCSF's Rule 12(b)(6) motion to dismiss and granted King leave to amend to cure identified deficiencies by September 3, noting:

> If King chooses to amend, he must be able to allege facts showing the existence of a municipal policy or custom that directly caused a deprivation of his constitutional rights. In addition, his amendment must allege facts showing that his constitutional rights to equal protection and/or due process were violated, as detailed above.

Dkt. 23 at 3–4. The Court also made clear that King's amended complaint "may not add any new claims without express leave of Court" and warned him that failure to file a timely amendment would result in dismissal of his claims with prejudice. *Id.* at 4. When King did not file an amended complaint by the Court-ordered deadline, CCSF moved to dismiss again, this time with prejudice pursuant to Rule 41(b). Dkt. 25. King requested additional time to respond to CCSF's Rule 41(b) motion, which CCSF did not oppose. Dkts. 26, 27. The Court granted King's request for an extension and ordered him to file an amended complaint, rather than a response to CCSF's Rule 41(b) motion, within 60 days. Dkt. 28. King was instructed that the amended complaint "must comply with the directions set forth in the Court's order granting defendant's initial motion to dismiss" and he was expressly warned for the second time that failure to timely file an amendment by the 60-day deadline would result in dismissal of his claims with prejudice. *Id.* King was also advised that "[t]here will be no further extensions." *Id.* King filed his FAC 61 days later which, in addition to being late, includes new claims against CCSF for fraud; negligent hiring, retention, and supervision; violation of the Fourth Amendment; and racial harassment and discrimination under 42 U.S.C. § 1981. Dkt. 29. King's claims are based on interactions with San Francisco Municipal Transportation Agency ("SFMTA") officers while driving in San Francisco.

**B. The Motions**

CCSF has moved to strike King's untimely FAC for failure to comply with Court orders. Dkt. 31. CCSF emphasizes that the Court has already granted King two opportunities to amend and avoid dismissal, and each time expressly warned King that failure to timely file an amended complaint would result in dismissal with prejudice. Yet despite those clear warnings, King failed—not once, but twice—to file an amended complaint by the Court-ordered deadline. CCSF also emphasizes that the FAC impermissibly includes new claims without leave in further violation of the Court's prior orders.

King, in response to CCSF's motion to strike, filed simultaneous motions belatedly requesting an extension to file his FAC due to "excusable negligence," (Dkts. 32, 34) and requesting leave "to file an Amended Complaint with new claims under Rule 15" (Dkt. 35). These motions do not explain why King was unable to timely file his FAC in the first instance, or why he waited until after the amendment deadline expired to request an extension. And King's request for leave to add new claims is devoid of any analysis or argument addressing the propriety of amendment under Rule 15.

CCSF, in addition to opposing King's belated requests for an extension to file the FAC and for leave to add new claims, has also moved to dismiss the FAC under Rule 12(b)(6). Dkt. 36. CCSF argues that King's amended federal claims remain "incompatible with *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)" and should be dismissed with prejudice because King's "inability to adequately plead the[se] claims after amendment is evidence further leave to amend would be futile." *Id.* at 6. CCSF also argues that King's state law claims lack sufficient factual support and are barred by immunity.

**C. Analysis**

King's newly added claims in his late-filed FAC are dismissed without prejudice and without leave to amend. As noted, King included those claims without first obtaining leave in direct violation of the Court's prior dismissal order. *See DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("In cases like this one, [] where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged

for the first time in the amended pleading should be dismissed or stricken."); *see also Raiser v. City of Los Angeles*, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014) ("When a district court grants leave to amend for a specified purpose, it does not thereafter abuse its discretion by dismissing any portions of the amended complaint that were not permitted. . . . This rule applies with equal vigor to pro se plaintiffs."). King's belated request for leave to amend to add the new claims is denied.

CCSF's motion to dismiss King's § 1983 claims for violation of equal protection and due process, both premised on a theory of *Monell* liability, is granted—this time with prejudice. As in his original complaint, King has not stated an actionable *Monell* claim against CCSF. To start, King has not plausibly alleged any underlying constitutional violation. *Monell* liability fails for that reason alone. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("[T]he liability of municipalities … is contingent on a violation of constitutional rights. Here, the municipal defendants cannot be held liable because no constitutional violation occurred."); *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (holding that because plaintiff failed to allege a violation of his constitutional rights, "he cannot maintain derivative constitutional claims based on that conduct," including *Monell* claims). With respect to King's equal protection claim, he has not alleged facts showing that CCSF (which includes SFMTA) acted with an intent or purpose to discriminate against him because he is African American. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) ("To state a § 1983 claim for violation of the Equal Protection Clause 'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'") (citation omitted).

King's due process claim is similarly deficient because King has not alleged facts showing that he was deprived of a protected property interest, nor does he plausibly allege the inadequacy of remedies available to him under state law to challenge the SFMTA parking citations he received. Indeed, "courts universally agree that the California procedure for contesting parking tickets comports with due process." *Yagman v. Garcetti*, No. 2014 WL 3687279, at *2 (C.D. Cal. July 9, 2014), *aff'd*, 852 F.3d 859 (9th Cir. 2017); *see also Damiano v. City & Cnty. of San Francisco*, 2014 WL 6359763, at *3 (N.D. Cal. Nov. 14, 2014) ("To the extent that [plaintiff]

4

challenges the process for contesting parking tickets that is set out in California Vehicle Code §§ 40200–40230, courts have previously made clear that the process passes Constitutional muster."); *Chang v. Rockridge Manor Condo.*, 2008 WL 2683075, at *8 (N.D. Cal. July 3, 2008), *aff'd*, 344 F. App'x 365 (9th Cir. 2009) (dismissing a § 1983 plaintiff's claim that she was unlawfully cited for a parking violation for failure to state a claim because "being cited for such a violation does not rise to the level of a procedural due process violation where there is a process in place to contest the citation"). King acknowledges that he "would have to take measures to respond to the citations by certain dates, including filing for citation reviews" and the exhibits attached to his FAC demonstrate that when he submitted a timely citation protest, a hearing was initiated per California Vehicle Code § 40215 and King promptly received a written decision from the SFMTA hearing officer explaining his reasoning for deeming King's challenged citation valid. *See* FAC ¶¶ 27–31, 112 & Exs. W, X, Y. The hearing officer's decision also informed King that "[i]f you do not agree with my decision, you may request a mail or in-person de novo hearing with a traffic commissioner in Superior Court . . . within 30 days of this notice." *Id.* Ex. Y. King's conclusory assertion that he "was not allotted a fair and non-bias [sic] review of citations since he could not afford fees to appeal final denial of decision in Superior Court," *id.* ¶ 94, is insufficient to establish a due process violation. *See Ortwein v. Schwab*, 410 U.S. 656, 659–60 (1973) (recognizing that "due process does not require a State to provide an appellate system" and holding that a $25 appellate filing fee, as applied to indigents seeking to appeal an adverse administrative decision, did not violate due process because appellants had already received an agency hearing on the merits of their claim).

Moreover, even if King had pleaded a plausible constitutional violation, his *Monell* claim would still fail because he has not identified "*deliberate* action attributable to [CCSF] that directly caused a deprivation of [his constitutional] rights." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) (citation omitted). To properly plead a claim under *Monell*, it is insufficient to simply allege—as King has done here—that a policy, custom, or practice exists that caused the constitutional violations. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Instead, a plaintiff "must allege sufficient facts regarding the specific nature of

5

the alleged policy, custom or practice to allow the [municipal] defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief." *Buckley v. Cnty. of San Mateo*, 2018 WL 3067976, at *3 (N.D. Cal. June 21, 2018) (citing *AE*, 666 F.3d at 637); *see also Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged."). King has failed to do so here; his FAC continues to "lack any factual allegations that would separate [his *Monell* claim] from the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

King has now had two opportunities to state a cognizable § 1983 claim against CCSF for violation of the Fourteenth Amendment. He has not done so, nor has he articulated how he would cure the identified deficiencies, which leads the Court to conclude that further amendment of his § 1983 claims against CCSF would be futile. These claims are dismissed with prejudice. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.") (simplified).

Having dismissed all federal claims prior to trial, the Court declines to exercise supplemental jurisdiction over King's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir.) ("[I]n the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (citation omitted). Those claims are dismissed without prejudice to refiling in state court.

**D. Conclusion**

For the reasons set forth above,

1. The new claims asserted in the FAC in violation of the Court's prior dismissal order are dismissed without prejudice and without leave to amend, and King's motion to amend to add those

new claims is denied.

2. CCSF's motion to dismiss the FAC is granted, with prejudice as to King's § 1983 and *Monell* claims, and without prejudice as to his remaining state law claims as stated in this order.

3. CCSF's motion to strike is denied as moot.[1]

The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: September 30, 2022

ALEX G. TSE
United States Magistrate Judge

---

[1] King's requests for judicial notice, Dkts. 43, 44, are denied as moot.